FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, *Plaintiff in Error,* vs. AVOR YOUNG, a widow, *Defendant in Error.*

140 So. 467.

En Banc.

Opinion filed March 25, 1932.

Petition for rehearing denied May 5, 1932.

*Robert H. Anderson,* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Effie Knowles* and *Patterson & Knight,* for Defendant in Error.

BUFORD, C.J.—In this case the plaintiff recovered judg-

ment for Six Thousand ($6,000.00) Dollars and interest against the defendant for damages occasioned by the alleged wrongful death of her husband.

There are a number of assignments of error, but it is not necessary for us to discuss more than three of them. The record discloses that the deceased came to his death largely because of his own negligence. In fact, the record shows conclusively that the deceased was grossly negligent in not observing the approach of the train which was observed, as the record shows, by more than one hundred (100) persons situated as he was with reference to the on-coming train and who were at the time near the place where the deceased came to his death. The deceased was a laborer on the railroad track, pulling grass from between the ties, as were some more than 100 other laborers, and as the train approached he continued to pull grass while all the others took themselves to a place of safety until the train had passed. The train was on regular schedule time, with which deceased was acquainted. The deceased knew that it was time for the train to arrive. He knew that it would pass that point at a high rate of speed and he either deliberately or negligently and carelessly remained on the track until he was struck.

In view of these facts, the judgment was excessive if a judgment of any sort could be justified against the defendant.

During the course of the trial the court allowed counsel for plaintiff to ask the engineer, who was in control of the locomotive at the time deceased came to his death, whether or not he had ever killed anyone else in the operation of his engine and, if so, how many he had killed, and whether before or after this incident. The engineer was required to answer the question but was not allowed to make any explanation, his answer being

that he had killed two other men since the deceased, whose death is involved in this case, was killed. This evidence was highly improper and manifestly prejudicial to the plaintiff. Whether this engineer had killed any other person or not could have no probative effect on the question as to whether or not the defendant was liable in this case. It tended in no way to establish any liability or any fact from which the existence of liability could properly have been adduced. The only result of an affirmative answer to such questions as were propounded and objected to here was to unduly and unlawfully prejudice the rights of the defendant.

A kindred question was discussed in F. C. & P. Rwy. Co. vs. John W. Mooney, 45 Fla. 286, 33 Sou. 1010, 110 Am. Rep. 73. In that case the court held that a question of this character was improper and sustained objection to it and this Court in referring to an assignment of error based upon the action of the court in that regard, said: "The testimony sought to be elicited by this question was so clearly irrelevant that it is not deemed necessary to discuss the ruling further than to say it was right."

Another assignment of error is based upon a charge of the court in the following language:

"If you find for the plaintiff, then it will be necessary for you to find the amount of damages to which she is entitled under the evidence. In making such estimate, you will take into consideration the life expectancy of the deceased, as shown by the tables of mortality in evidence in this case, his earning capacity before and at the time of his death, and such damages as the plaintiff would suffer by reason of a loss on account of the death of her husband, taking into consideration the protection, care and maintenance for the plaintiff and her children."

This charge was defective in that it failed to direct the jury to take into consideration along with the tables

of mortality all other evidence in the case which might have a reasonable bearing upon the life expectancy of the deceased and the charge was further defective because it failed to charge the jury that after ascertaining what would be the earning capacity of the deceased for the period of time of his life expectancy the same should be reduced to its present value.

In discussing the efficiency of mortality tables, as evidenced, this court in the case of City of Key West vs. Baldwin, 69 Fla. 136, 67 Sou. 808, said:

"These tables show the probable duration of the life of a healthy person, but not the probable duration of one's earning capacity; but in order to estimate the probable duration of one's ability to earn money or to perform her own household duties and labors, it becomes necessary to ascertain the probable duration of her life, or as it is called, her life expectancy, and that taken into consideration with all the other evidence in the case, the jury is required to determine the probable duration of the earning capacity of the person enquired about. Illinois Cent. R. R. Co. v. Houchins, 121 Ky. 526, 89 S. W. Rep. 530, 1 L. R. A. (N. S.) 375; Mississippi & T. R. R. Co. vs. Ayres, 16 Lea (Tenn.) 725; San Antonio & A. P. Ry. Co. vs. Morgan (Tex. Civ. App.) 46 S. W. Rep. 672; Merrinane v. Miller, 157 Mich. 279, 118 N. W. Rep. 11, 25 L. R. A. (N. S.) 585, The counsel for plaintiffs in error complains in his brief of the failure of the court to instruct the jury fully in connection with the mortality tables, and as to show they should be used by the jury in determining the life expectancy of the injured person. The proper practice is to ask for the instructions which counsel may consider appropriate and desirable. Seaboard Air Line R. Co. vs. Scarborough, 52 Fla. 425, 42 South. Rep. 706; Carr vs. State, 45 Fla. 11, 34 South. Rep. 892."

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

Whitfield, Ellis, Terrell and Davis, J.J., concur.
Brown, J., not participating.