L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of Seaboard Air Line Railway Company, a corporation, v. WILLIAM R. HORNE.

L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of Seaboard Air Line Railway Company, a corporation, v. B. F. MIZELL and LEON MIMS, a co-partnership, trading and doing business under the name of Mizell & Mims, Ltd.

5 So. (2nd) 451                                    Division B
January 9, 1942

Baxter & Clayton and Clark Gourley, for appellants.

John A. H. Murphree, Joe C. Jenkins and Ross E. Mowry, for appellees.

THOMAS, J.:

The above cases were consolidated and a trial culminated in separate verdicts in favor of the respective plaintiffs. The alleged injury resulted from the collision of a gasoline-bearing truck owned by co-partners, who were plaintiffs in the one case, driven by the plaintiff in the other case, and a freight train operated by the defendant.

We have carefully examined all of the testimony introduced, including photographs taken at the instance of parties to the suit, and are of the opinion that the question whether the plaintiffs should have recovered is a close one even in the light of Sections 7051 and 7052, C.G.L. The former provides that a railroad company shall be liable for any damage done to persons and property by the operation of its trains "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." The latter inhibits recovery from a railroad company where the injured person has suffered because of his own negligence but concludes that if both are at fault he may be awarded damages

which, however, shall be diminished in proportion to the amount of negligence chargeable to him.

In determining the right of plaintiffs to prevail in the instant case, the while applying the provisions of these two statutes, the controlling features of the evidence were the absence or presence of warning by whistle and bell and the speed of the train at the time of the accident.

The trial of this issue was, we believe, greatly influenced by testimony offered by the plaintiffs in rebuttal. The trial judge allowed them, over the objection of counsel for the defendants, to introduce testimony of a witness that three or four days after the collision a train approached the crossing without sounding a bell or a whistle except that upon the "cow-catcher" actually reaching the crossing two short blasts of the whistle were given. The court went even further and permitted a witness to testify that about a year and three months after the accident and immediately preceding the trial he drove along a street near the track in order to observe the operation of a train, presumably on the same schedule as the one which struck plaintiffs' truck, as it approached the crossing where the accident occurred; that the speed exceeded the limit fixed by city ordinance; and that no warning was given except two short blows of the whistle when the engine was on the crossing.

It is the appellee's position that this evidence was offered for "the sole purpose of impeaching the credibility" of four witnesses who had testified for the defendant. The names of these witnesses and the excerpts from their testimony relied upon to justify such rebuttal appear in the brief of appellees. One of them, the engineer, in reply to a question whether it would

be possible for him to go over the crossing without blowing the whistle said: "I would not say that; no. I would not say that I ever went over there without blowing. The company holds me responsible for that"; the next, the fireman, was asked: "And you have to go slow [in the yard limits]?" and answered in the affirmative; the third, the brakeman, gave an identical reply to the same question; and the fourth, a resident nearby, swore that she knew nothing about the date on which the accident occurred but that she had lived nearby for about two years and that the whistle "blowed in front of my house; like it always blow." To us it is obvious that the testimony offered by plaintiffs was damaging to the defendants and threw little light on the true facts existing at the time train and truck collided. Personnel of those in charge of the train and the signalling devices, particularly the engineer, weather and other conditions and the character of the train, itself, may well have differed entirely on the two occasions referred to by the witnesses and on the day of the accident. About the only circumstances which we may be reasonably sure were common to the operation of the train on the day of the collision and on the days the two witnesses made their observations were the schedule and the physical location of the crossing.

In Tuttle v. Fitchburg Railroad, 25 N. E. 19, the identical proposition seems to have been considered by the Supreme Court of Massachusetts and they held incompetent testimony that a bell on a train was usually rung for the purpose of establishing that that precaution was taken at the time of the accident. By the same token, it was decided, witnesses could not properly testify that on occasions the bell was not sounded

to contradict the statement that at a particular time warning was given. This same principle seems to have been recognized by the Supreme Court of Kentucky in Eskridge's Exr. v. C.N.O. & T.P. Ry. Co., 12 S. W. 580, where it was written" . . . whether a signal was given at approach of a train to a station or crossing on any particular occasion is a question of fact that cannot be affected, one way or another, by showing the conduct of subordinate officers or servants in charge of some other train or trains, who may or may not be mindful of their duty." The Supreme Court of Michigan dealt with the question in Hinderer v. Ann Arbor R. Co., 211 N. W. 734, and similar situations were considered by the Court of Appeals of Georgia in Bazemore v. Powell, et al., 188 S. E. 282, and Yazoo & M. R. Co. v. Pittman, 153 So. 382.

Authorities recognize an exception to the rule where, because of some special characteristic, relevancy of one event to the other may be established but we find nothing in the record here to warrant a decision that the exception applies.

We invoke the rule that evidence of the operation of the train on occasions wholly unconnected with the one when plaintiffs were injured was inadmissable. See 20 Am. Jur., Evidence, p. 278.

We cannot say that error in allowing the introduction of this incompetent and irrelevant testimony was harmless because, as we have already written, we are not convinced that without this testimony the appellees might have prevailed in their suits, although there is taken into consideration the advantage to them of the statutes which we have cited.

Because of this error, we are constrained to reverse the judgments entered.

Reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.