**SCOTT M. LOFTIN and JOHN W. MARTIN, as Trustees of the Florida East Coast Railway, v. ANGUS H. McGREGOR.**

| | |
|---|---|
| 14 So. (2nd) 574 | January Term, 1943 |
| February 19, 1943 | En Banc |
| Rehearing Granted March 17, 1943 | On Rehearing July 9, 1943 |

*Loftin, Calkins, Anderson & Scott, Russell L. Frink* and *John H. Wahl, Jr.,* for appellants.

*Knight & Green* and *E. F. P. Brigham,* for appellee .

ADAMS, J.:

Plaintiff recovered a judgment for injuries sustained by reason of his car colliding with defendant's train. The collision occurred in the City of Miami where 7th Avenue traverses the double tracks of defendant at right angles. The crossing is at street level and, at the time this accident occurred, was protected by the statutory cross arm signal (Section 351.03, Florida Statutes, 1941) which carries the legend "Railroad Crossing. Look out for the Cars." The concrete surfaced avenue is 30 feet wide with a strip of asphalt where the tracks intersect. The cross arm signal is on the west side of the street. There is also a switchstand or marker about 40 feet west of the pavement edge. Between the Belt Line right-of-way and 73rd Street to the north, the Atlantic Refining Company maintains a filling station and bulk plant. Along the line of this property and the railroad right-of-way is a picket fence which was erected by the refining company. It commences 20 feet west of Seventh Avenue and continues to the rear of the bulk plant premises. This fence is 5.4 feet high and runs on a line parallel with and 61.27 feet from the north rail of the second track. There is an open space 53 feet wide between the fence and the south wall of the filling station, placing that building 114.27 feet north of the track. The station sets back 20 feet west of the pavement .

Plaintiff was aware of this crossing, having used same frequently for many years. The collision occurred at an early hour of the night. As plaintiff approached the crossing he observed three vehicles in front of him, either stopped or traveling very slowly. He passed each of them running about 30 miles per hour and ran in front of the oncoming train. The locomotive was backing, pulling a considerable load of cars. The head light was shining in the direction it was traveling. Plaintiff said he heard no warnings. The occupants of the

vehicles which were passed by plaintiff said the bell rang and the whistle sounded the approach of the train. According to plaintiff's testimony he left the city hall of Miami Beach at 6:15. His watch was broken in the crash and stopped at 6:18. In the meantime he had traveled a distance of two and one-half miles and had stopped for one red light. It was raining and the car window on his right next to the approaching train was closed. He neither looked nor listened for the train. He did not slacken his speed for the crossing and did not see the train until he was too near the crossing to avoid the collision.

When the court settled the pleadings, allegations of the happening of other accidents at the same crossing were stricken from plaintiff's declaration. Notwithstanding this action, plaintiff was allowed at the trial to offer evidence to substantiate the stricken allegations. Defendant was then denied the privilege to offer evidence to explain or disprove responsibility for same. It is incompatible with natural justice to allow testimony of such highly prejudicial character after having stricken the allegations in the declaration. It is fundamental that the proof must conform to the pleadings. Furthermore we know of no reason to justify having the jury consider the evidence even where it is alleged in the pleadings. Mailhot v. New York, N.H.R.R. Company, _____ Mass. _____, 137 N.E. 422. To say, as plaintiff does, that its purpose is to show the dangerous character of the crossing is untenable. It is because of such fact that the law requires the erection of signs and that the general public is required to use due and lawful care in approaching crossings. Powell v. Horne, 149 Fla. 240, 5 So. (2nd) 451.

The second and important question is whether there is liability shown to sustain a recovery. When only one conclusion can be drawn from the admitted facts then the question of liability becomes one of law. There is then no question of fact for the jury and the defendant's motion for a directed verdict should have been granted. F.E.C. Ry. Co. v. Davis & Nance, 96 Fla. 171, 117 So. 842; S.A.L. R. Co. v. Myrick, 91 Fla. 918, 109 So. 193; Covington v. S.A.L. R. Co., 99 Fla. 1102, 128 So. 426; S.A.L. R. Co. v. Tomberlin, 70 Fla. 435, 70 So. 437. To say, as plaintiff did, that he passed the three vehicles and

ran in front of the train thinking that they were out of gas or something was mechanically wrong indicated beyond question that he was displaying so little care for his own safety as to render himself solely responsible for the consequences that followed. Bradley v. Missouri Pac. R. Co., 288 Fed. 484.

The judgment is reversed.

TERRELL, BROWN and THOMAS, JJ., concur.

BUFORD, C. J., and CHAPMAN, J., dissent.

SEBRING, J., not participating.

BUFORD, C. J., dissenting:

Careful consideration of the record in this case in the light of briefs and argument of counsel before this Court fails to reflect any reversible error, except that hereinafter stated.

It appears from the record that the defendant was guilty of actionable negligence. It also appears that plaintiff was guilty of contributory negligence of a considerable degree, but as contributory negligence does not bar recovery by a plaintiff where a defendant Railroad Company is shown to be guilty of actionable negligence, plaintiff was entitled to recover. However, the amount of his recovery should be reduced in proportion to the degree of his contributory negligence.

My conclusion is that the jury failed to give the defendant as much benefit of plaintiff's contributory negligence as it should have had. The verdict and judgment was for $22,500.00. I think that such judgment is excessive at least to the extent of $7,500.00.

CHAPMAN, J.: dissenting in part:

I agree, in part, with each of the opinions as prepared by Chief Justice Buford and Mr. Justice Adams. It is my view that the case should be reversed for a new trial. Evidence of previous accidents and hazards at the involved railroad crossing should not have been admitted into evidence over the objection of counsel, but if admitted, an opportunity should have been granted the appellant to rebut the same by showing that the operation of its train and the crossing conditions did not cause these several crossing accidents. The amount of the verdict and judgment, in my opinion, is excessive. Undoubt-

edly the jury in its rendition were actuated by motives *dehors* the record. The proximate cause of the injury, in my opinion, is a jury question under appropriate instructions and controlled by our previous holding in Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95.

BUFORD, J., concurs.

PER CURIAM:

On rehearing granted the former opinion is adhered to and the former judgment of reversal is reinstated.

TERRELL, THOMAS, SEBRING and ADAMS, JJ., concur.

BUFORD, C. J., BROWN and CHAPMAN, JJ., dissent.