67 So.2d 220 (1953)
CHAMBERS
v.
LOFTIN et al.
Supreme Court of Florida, en Banc.
June 16, 1953.
Rehearing Denied August 10, 1953.
E.F.P. Brigham and Phillip Goldman, Miami, for appellant.
Loftin, Anderson, Scott, McCarthy & Preston, Miami, Russell L. Frink, Jacksonville, Robert H. Anderson and Francis W. Sams, Miami, for appellees.
SEBRING, Justice.
The plaintiff, an employee of the defendants, was injured while attempting to operate a power saw in the shops of the defendants. He instituted suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for the injury. At the close of his evidence on the trial of the case the trial court directed a verdict in favor of the defendants, stating as its reason therefor "that giving all the testimony in the case the most favorable light toward the plaintiff, there still isn't shown any liability of the defendants for the accident."
*221 On this appeal the plaintiff challenges this ruling of the trial court.
The case in the court below was tried on a two-count declaration and the plea of not guilty. The negligence alleged in the first count was that the circular blade of the power saw from which the plaintiff received his injuries had been sharpened by the defendants in such a careless and negligent manner that when the plaintiff attempted to use the saw in the manner for which it was designed, the circular blade of the saw suddenly lifted the piece of wood plaintiff was sawing from the cutting table and carried the plaintiff's hand against the blade, with resulting injuries.
The second count of the declaration alleged, in substance, that the plaintiff was unskilled and inexperienced in the use of the power saw and had no knowledge that the machine was equipped with a guard to be set in place over the circular blade when in operation, all of which defendants knew or should have known; that because of this lack of knowledge and experience on the part of the plaintiff it became and was the duty of the defendants either to instruct the plaintiff in the proper use of the saw, to warn him not to use the saw without first fitting the guard in place, or to forbid him to use the saw entirely; all of which the defendant carelessly and negligently failed to do; that by reason of such failure on the part of the defendants the plaintiff was injured while attempting in the course of his employment to use the saw in the manner and for the purpose for which it was intended.
The sole question on the appeal is the propriety of the trial court's order in taking the case from the jury and directing a verdict for the defendants.
The rights which the Federal Employers' Liability Act create in favor of employees engaged in interstate commerce are federal rights protected by federal rather than local rules of law. Bailey v. Central Vermont Railway, Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. Whether the trial court acted properly in taking the case from the jury must therefore be determined in the light of applicable federal decisions.
Under the federal decisions the rule obtains that courts must submit the issues of negligence to a jury if the evidence might justify a finding either way on those issues. Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497. To do otherwise in close or doubtful cases would be to deprive the railroad workers of a "goodly portion of the relief which Congress has afforded them." Bailey v. Central Vermont R. Co., 319 U.S. 350, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444; Blair v. Baltimore & Ohio Railroad Company, 323 U.S. 600, 65 S.Ct. 545, 89 L.Ed. 490. In passing upon the question whether there is sufficient evidence to submit an issue to the jury, the rule is that the evidence and all reasonable inferences deducible therefrom must be viewed in a light most favorable to the cause of the litigant against whom the verdict has been directed. Wilkerson v. McCarthy, supra.
The rule laid down by the federal decisions is not so far different from the rule that prevails in our own jurisdiction. For, as stated in the decisions of this Court, a verdict should not be directed in favor of the defendant unless "it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff." Section 54.17, Florida Statutes 1951, F.S.A. Johnson v. L. & N.R. Co., 59 Fla. 305, 52 So. 195, 196; Bryan v. Loftin, Fla., 51 So.2d 724; Mullis v. City of Miami, Fla., 60 So.2d 174. In arriving at a determination whether to grant or deny a directed verdict for the defendant the trial court should interpret the evidence in favor of the plaintiff, giving him the benefit of all intendments and reasonable inferences and deductions. Hardware Mutual Casualty Company v. Tampa Electric Co., Fla., 60 So.2d 179.
At the time the motion for a directed verdict was made in the instant case there was evidence before the jury that the plaintiff was first employed by the Florida East *222 Coast Railroad to wash down air conditioning units. Later, he was used as a painter, and finally he was given a job as a coach carpenter. It was while serving in this latter capacity that he was injured. At no time did he serve an apprenticeship, though as a rule coach carpenters served a four-year apprenticeship. Moreover, the plaintiff was never given any instruction either in respect to the use of the saw or in respect to the other duties he had been hired to perform. What he learned about the job that had been assigned to him by the foreman came only from watching other workmen in the shop perform similar tasks.
At the time plaintiff started work for the railroad he was a welder by trade. This fact was known by the defendants. He was not and had never been a carpenter, and had never operated a power saw, although in his new job he was expected to use one. Prior to his injury, the plaintiff did not know that the saw was equipped with a guard; in fact the guard which hung in the rear of the saw table was thought by him to be some sort of a brace. He had never seen a guard on a saw of the type that injured him. Although he had seen the saw operated by other workmen, these workmen had never made use of the guard when the saw was in operation.
There was also testimony from the foreman of the shop that plaintiff was never instructed as to how to use the saw; that he was never told not to use the saw; that he was never told not to use the saw without the guard. The foreman also testified that it was dangerous to use such a saw without the guard; and that he would not expect an inexperienced person to know whether the saw had a guard on it or not.
It is our view that in the face of this evidence and all intendments and reasonable inferences therefrom, a verdict should not have been directed in favor of the defendants on the issues raised by the second count of the declaration. However, we fail to find in the facts narrated above, or in any other testimony appearing in the record, any evidence that would have warranted the submission to the jury of the issues tendered by the first count of the declaration.
Inasmuch as this case must go back for a new trial on the second count of the declaration, we deem it expedient to consider another question raised by the assignments of error.
During the course of the trial the plaintiff made a proffer of evidence as to other accidents that had occurred on the saw in question prior to the injury to the plaintiff. Upon objection of the defendants, this evidence was excluded.
It is well settled that evidence of prior or subsequent similar accidents at or near the same place are admissible if they are not too remote in time, for the purpose of showing the dangerous character of the place and defendants' knowledge thereof. See Henwood v. Chaney, 8 Cir., 156 F.2d 392, certiorari denied 329 U.S. 760, 67 S.Ct. 113, 91 L.Ed. 655; Atlantic Coast Line Ry. Co. v. Hadlock, 5 Cir., 180 F.2d 105; Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, Transp. & Mfg. Co., 27 Fla. 1, 157, 9 So. 661, 17 L.R.A. 33, 65; F.E.C. Ry. Co. v. Smith, 61 Fla. 218, 55 So. 871; Holstun & Son v. Embry, 124 Fla. 554, 169 So. 400; Loftin v. Dagley, 152 Fla. 831, 13 So.2d 311; Leathers v. Blackwell's Durham Tobacco Co., 144 N.C. 330, 57 S.E. 11, 9 L.R.A., N.S., 349; Charlton v. St. Louis & S.F.R. Co., 200 Mo. 413, 98 S.W. 529. Also see 65 C.J.S., Negligence, §§ 234(a) (3)-(7); and 38 Am.Jur. 1012, Sec. 314.
One of the issues in the case under the second count of the declaration was whether the defendants knew or should have known of the dangerous condition of the saw and of the hazards involved in the use of the saw without a guard and whether armed with such knowledge they should have given instructions to their workmen that the guard be used whenever the saw was operated. Inasmuch as the proffer was with respect to prior accidents at the identical saw table in the same shop and not remote in time, we think that such evidence was admissible on the issues tendered by the second count.
*223 We have considered all other issues raised on this appeal and find them to be without merit.
From the conclusions reached it follows that the judgment appealed from should be affirmed so far as it relates to the first count of the declaration and reversed for a new trial so far as it relates to the second count.
It is so ordered.
ROBERTS, C.J., TERRELL, J., and PATTERSON, Associate Justice, concur.
THOMAS, J., concurs specially.
MATHEWS and DREW, JJ., not participating.
THOMAS, Justice (concurring in part).
I think the proffered testimony is more relevant to the first count than the second, and that the case should be re-tried on both counts.