CARROLL, Judge.
These two actions for damages were filed under the wrongful death and survival statutes (§§ 768.02 and 45.11, Fla.Stat., F.S.A.) against appellant who shot and killed the decedent. They were consolidated and tried before a jury, and a verdict and judgment for the plaintiff resulted in each case.
The defendant appealed, and insists it was error to deny a motion for mistrial after a witness for plaintiff testified that the defendant previously had killed a person. That evidence was highly improper and prejudicial, and on authority of Florida East Coast Ry. Co. v. Young, 104 Fla. 541, 140 So. 467, 87 A.L.R. 905, the requested mistrial should have been granted.
By a ruling preliminary to the trial, the judge informed counsel that evidence of a prior homicide (of which the defendant had been acquitted) was inadmissible. However, the plaintiff’s first witness (a police officer who investigated the killing in the instant case), in reading from a statement he *630 said the defendant gave him, read into evidence the disclosure that the defendant had previously killed another person. Appellant’s counsel moved for a mistrial, which the court denied. After verdict the point was made on a motion for new trial which the court denied, and was duly assigned as error on appeal.
Appellee seeks to excuse the claimed error by contending that plaintiff’s counsel did not ask a question on the subject or elicit the improper answer, and that any error therefrom was cured by instruction from the court to the jury to disregard the answer of the witness. Against those contentions appellant argues, and we feel correctly, that plaintiff’s counsel knew or should have known that the statement being read by the witness contained the matter concerning the prior killing yet did not act to prevent the witness from bringing it into evidence, and further that the prejudicial effect was such as could not be removed by-an instruction to disregard the answer.
The decedent was a college student, tie was discovered by defendant while apparently prowling the defendant’s motel premises at the hour of about 5 :00 a. m. Thus in the jury’s consideration of the question of liability for the killing under the facts of the case, evidence that the defendant had killed another person could be expected to be influential and so highly prejudicial that although the harm of improper revelations in evidence is generally cured by an instruction or admonition to the jury not to consider it (Wall v. Little, 102 Fla. 1015, 136 So. 676), in this instance we are not justified in assuming the adverse effect was adequately removed by an instruction. See Florida East Coast Ry. Co. v. Young, supra; 32 Fla.Jur., Trial, § 138.
Appellee argued further that appellant had lost the benefit of the objection by having defendant testify regarding the prior killing. It is disclosed that the trial judge authorized counsel for defendant to bring out the fact of acquittal of defendant for the prior killing. Defendant’s counsel did so, and did not expand the subject further. Under the circumstances, defendant did not lose the benefit of his objection to the improper evidence. He sought to minimize the harmful effect thereof, and did not go beyond its scope. See Louette v. State, 152 Fla. 495, 12 So.2d 168, 174; 53 Am.Jur., Trial, § 143, p. 128; 89 C.J.S. Trial § 661, pp. 507-508.
In the interest of justice and to assure a fair trial it is necessary that the judgments be reversed for new trial.
Reversed and remanded for new trial.