HENDRY, Judge.
The plaintiff appeals from an adverse summary final judgment entered in favor of the defendant railroad. The pleadings, interrogatories and depositions (including that of the plaintiff) on file reveal the following undisputed facts: (1) An accident occurred at approximately 4:45 A. M. outside the town of Mulberry, Polk County, Florida on a foggy morning; (2) the plaintiff was driving a large tractor-trailer unit, approximately 50 feet long, having 34 wheels or tires. The foot brake operated on all 34 wheels simultaneously; (3) the defendant was in the process of of backing onto a spur track which intersected the highway upon which the plaintiff was traveling; (4) at the time the plaintiff’s truck hit the defendant’s train, the train had already backed > 16 railroad cars, including the caboose, across the intersection; (5) the train consisted of the caboose, 21 cars and 2 engines, and was backing up at an estimated speed of three miles per hour; (6) the plaintiff’s truck laid down approximately 192 feet of skid marks before striking the defendant’s train with such force that the impact overturned one railroad car and derailed two others; (7) the plaintiff’s trailer was carrying a load of sod which was thrown over the overturned railroad car and landed in the highway on the opposite side of the tracks; (8) the approach to the crossing was straight for several miles and the plaintiff had driven this route every night for about six months; (9) standard crossbuck signs were located on either side of the track; (10) there were no eye witnesses to the accident and the plaintiff suffers from traumatic amnesia .and can not recall anything regarding the accident.
Viewed in a light most favorable to the plaintiff there was a possible conflict as to whether there were lighted fusees on either side of the tracks at the time of the collision. Under the particular facts of this case, that issue is insufficient to prevent the entry of a summary judgment in favor of the defendant. The undisputed facts clearly show that the plaintiff was traveling at a reckless speed, especially in view of the weather conditions. Further, he should have been acquainted with the crossing since he had traveled this route nightly for six months. We find that under these facts the plaintiff’s negligence was so gross and flagrant as to eliminate any possibility that the defendant’s negligence, if any, could have contributed to the accident. The plaintiff’s negligence must be regarded as the sole proximate cause of his injuries.[1]
The plaintiff cites the case of Atlantic Coast Line R. R. v. Johnston, Fla. 1954, 74 So.2d 689 in support of his contention that a jury question was presented. While this case is strongly persuasive of the plaintiff’s position, we find that it is distinguishable from our case in that under the facts of the Johnston case the defendant’s negligence could have contributed to the plaintiff’s injuries. For the reason stated the judgment appealed is affirmed.
Affirmed.

. See Loftin v. McGregor, 152 Fla. 813, 14 So.2d 574; § 768.06, Fla.Stat., F.S.A.