JOHNSON, Judge
(dissenting):
With due respect, I must register my dissent from the majority opinion of this Court.
These consolidated cases were instituted by appellants against appellee to recover for the wrongful death of two thirteen year old boys who were passengers in an automobile which collided with the appel-lee’s freight train. I do not deem it necessary, for the purposes of this dissenting opinion, to set forth all the evidence adduced at the trial of this cause. Suffice it to say that, on December 24, 1969, at approximately 7:30 in the evening, the car in which decedents were passengers was travelling east and was struck by a northbound freight train. The speed of the automobile was in dispute, but the train’s speed was approximately 53 to 55 miles per hour.
The appellants’ principal contention at trial was that the appellee was negligent in maintaining the vicinity of the railroad crossing. It was claimed, in part, that ap-pellee was negligent in permitting trees and other growth to remain on its right-of-way in the vicinity of the crossing so as to obstruct a motorist’s view of an approaching train. In support of this allegation and as proof that the railroad had previous notice of the dangerous character of the crossing, appellants attempted to elicit evidence concerning a prior accident which occurred at the same crossing, at about 8:30 p. m., the train and cars going the same direction as in the present case, on December 10, 1969, just two weeks prior to the accident in question. The trial court excluded all evidence of the prior accident, except for certain references by other witnesses to “other” accidents in order to show their attentiveness at the time of the accident in question. I feel that this exclusion of evidence concerning a similar accident which occurred at the same crossing only fourteen days prior to the present accident was clearly error and prejudiced appellants’ case.
In Chambers v. Loftin, 67 So.2d 220, 222 (Fla.1953), the Supreme Court of Florida stated:
“It is well settled that evidence of prior or subsequent similar accidents at or near the same place are admissible if they are not too remote in time, for the purpose of showing the dangerous character of the place and defendants’ knowledge thereof.” (Citations omitted.)
The proffer of evidence concerning the December 10th accident clearly fell within the settled rule, inasmuch as it involved the same crossing, occurred at about the same time in the evening under similar weather conditions and was not remote in time and I feel that it was reversible error to exclude such evidence. It was properly with *390 in the province of the jury to consider this other accident and it became material in determining whether the appellee was at fault.
For the reasons stated above, I would reverse the final judgment entered below and remand this case for a new trial.