290 So.2d 85 (1974)
SEABOARD COAST LINE RAILROAD COMPANY and Harold Jefferson Bridges, Appellants,
v.
Darlene D. FRIDDLE, As Administratrix of the Estate of Thomas B. Friddle, a/K/a Thomas Bascom Friddle, Appellee.
Nos. 72-969 and 72-970.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
*86 William H. Davis and Frederick J. Ward, Giles, Hedrick & Robinson, Orlando, for appellants.
Jack B. Nichols, Skolfield, Nichols & Tatich, Orlando, for appellee.
WALDEN, Judge.
Plaintiff brought wrongful death and survival actions which were consolidated.
Thomas Friddle was killed at a railroad crossing when his automobile collided with defendants' train. These negligence actions ensued. The plaintiff, decedent's widow and administratrix, received verdicts totalling $191,259.00. Defendants appeal. We reverse and remand for a new trial.
Defendants' Points II and V lack merit. Their remaining points do have merit. They concern various preserved evidentiary rulings.
We record at the very outset that our problem would be difficult if we were faced with only one misstep and we would be most likely, in that event, to affirm on the basis of harmless error. However, it is our firm judgment that the weight and impact of the errors, when combined, are of such moment as to cloud the issues and seriously prejudice the defendants' right to fair trial in accordance with law. We feel that the simple justice of the cause mandates a new trial with a new jury not subjected to the influences of the illegal evidence here described.
There were no eyewitnesses other than the train crew and hence, at best, there can only be speculation as to why decedent did not see or hear the train or heed the warnings. We do not definitively know whether in truth or fact the producing cause of the collision was the static condition of the crossing, the conduct  by way of omission or commission  of the train crew, or otherwise.
Point I. A witness was permitted to testify and describe an accident that occurred more than two years earlier. The old accident happened in the daytime (the instant one at night) with a motorist traveling *87 east (the decedent here was traveling west). There were different warning devices at the respective times along with other significant omissions which could only make the testimony concerning the prior accident diversionary. Further, there was no sufficient showing that the conditions, causes and circumstances were the same or substantially so at the time of the respective accidents. In sum, we are persuaded that this prior accident testimony was without probative value as concerns any allowable issue and that its only effect was to seriously prejudice the defendants. Chambers v. Loftin, Fla. 1953, 67 So.2d 220; Loftin v. McGregor, 1943, 152 Fla. 813, 14 So.2d 574; Powell v. Horne, 1942, 149 Fla. 240, 5 So.2d 451; FEC v. Young, 1932, 104 Fla. 541, 140 So. 467. See also Jewell v. Penn, Del.Supr., 183 A.2d 193, and 70 A.L.R.2d 178.
Point III. A witness was permitted to testify that he had listened for the train warning horn as other trains approached the crossing at various unspecified times and had been unable to hear it until the train was on the crossing. This is clear error. Powell v. Horne, 1942, 149 Fla. 240, 5 So.2d 451.
Point IV. Six lay-witnesses were permitted to testify that decedent and his widow had a son who had died about nine months prior to the collision and fatality in issue and the impact of this death upon decedent's widow. Plaintiff argued that this child's death created a pre-existing condition in the widow and so that the death of her husband in the instant accident aggravated that pre-existing mental and emotional condition so as to entitle plaintiff to more damages. This was not competent nor relevant evidence and its receipt could not help but be prejudicial to defendants' case.
Damages for mental anguish and suffering of the survivor are not recoverable in a wrongful death action according to the applicable Florida Statutes 768.01 and 768.02 F.S.A.[1] Wadsworth v. Friend, Fla. App. 1971, 201 So.2d 641. See Nimnicht v. Ostertag, Fla.App. 1969, 225 So.2d 459; St. John's Electric Company v. Lawler, 1925, 90 Fla. 188, 105 So. 818. We agree with appellants' observation; to permit testimony as to the son's death was to try the defendant railroad not only for the death of the husband, but also to try the defendant for the death of the son of the plaintiff and to attempt to recover damages for the mental anguish caused by the death of the son.
All appellate circumstances considered in light of the excellent advices of counsel for the respective sides, the judgment is reversed and the cause remanded for a new trial, all consistent with the views herein expressed.
Reversed and remanded.
OWEN, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
This is a consolidated appeal by Seaboard Air Line Railroad Company and Harold Jefferson Bridges, defendants below, from final judgments entered pursuant to a jury verdict in favor of Darlene D. Friddle, plaintiff below. Two separate actions were instituted by plaintiff, the widow of Thomas B. Friddle; one action was under the Wrongful Death Act and the other action was brought by plaintiff as administratrix of the Estate of Thomas B. Friddle under the Survival Act.
The causes of action are based upon an accident occurring on February 3, 1968, in Seminole County, Florida, in which a collision occurred between the automobile driven by Thomas B. Friddle and a train operated by defendant Bridges and owned by *88 defendant Seaboard resulting in Friddle's death. The accident occurred at approximately 11:35 P.M., at a time when the weather conditions were clear, dry and cool. Decedent was traveling in a westerly direction on State Road 434, which is an east-west thoroughfare. The train was traveling in a northerly direction. On the date of the collision there were trees in the southeast quadrant which is the direction in which decedent traveling on Road 434 would have to look to see if a train were approaching from the south. The railroad crossing was indicated by standard cross-buck signs, a circular disk sign and painted letters on the pavement. The record reflects that the decedent had been familiar with the crossing having previously traveled the area many times. The only eyewitnesses were the train crew.
At the trial, the lower court allowed into evidence the testimony of a witness who had been involved in a prior accident at the same crossing. Defendant contends that this constitutes reversible error. Defendant also contends that reversible error occurred when the trial court admitted into evidence testimony relating to a subsequent accident and testimony relating to the sounding of a train horn and whistle at occasions other than the time and place of the subject accident.
With respect to the testimony pertaining to prior accidents a review of the cases cited by the parties indicates that the overwhelming weight of authority supports the admissibility of such evidence under certain qualifications. The subject has been given exhaustive treatment in an annotation in 70 A.L.R.2d at 167, et seq., wherein the following general proposition appears at pp. 171, 172:
"While a few courts still tend to look with general disfavor upon proffers of evidence of similar accidents occurring at the same place where plaintiff was injured, it now seems to be generally recognized that such evidence has some logical tendency to establish various matters pertinent to the plaintiff's case, particularly that the condition complained of was in fact dangerous to frequenters of the place in question and that defendant was informed of that potential danger.
"The pertinence of such evidence is, of course, drawn from the facts that the various accidents occurred at the same place, and under conditions which were at least substantially similar, and the courts have frequently emphasized the necessity of showing such similarity of conditions as a predicate for the admission of the evidence. However, it has usually been held that only substantial similarity of conditions is required, and there is perhaps evident a trend  probably part of a general trend toward the more liberal admission of evidence  toward treating the question of sufficiency of similarity of conditions as primarily a matter for the trial court's discretion, and to freely admit the evidence of the prior accident together with evidence of variations in conditions, which is treated as going to weight rather than admissibility.
"The strongest attack on evidence of the type here considered has been based upon grounds of trial convenience rather than upon its lack of relevance. Especially in the earlier cases, the courts have expressed the fear that if the evidence were received the trial would be disrupted by the necessity of investigating all the circumstances of the various incidents in question, and have concluded that the simplest and most desirable solution was to exclude all such evidence. However, in the more recent decisions in most jurisdictions there is apparent a tendency to treat this question ad hoc, leaving it to the trial judge in each case to determine whether the evidence should be excluded on this ground and, if the evidence is admitted, to determine the extent to which the circumstances of the earlier accident can be investigated."
*89 In 29 Am.Jur.2d Evidence § 305, the text writer similarly observes:
"... Evidence of prior similar accidents at the same place, or prior similar injuries resulting from the same appliance, as that of the accident or injury in suit, is generally admissible for the purpose of showing the existence of dangerous or defective premises or appliances, and notice or knowledge thereof, but generally not for the purpose of showing specific acts of negligence or the cause of the accident or injury. The admission of evidence of prior accidents or injuries is an exception to the general rule which ordinarily excludes evidence of inpendent events and occurrences not directly connected with the matter in dispute."
The annotation includes Florida among the jurisdictions supporting the foregoing view. Loftin v. Dagley, 1943, 152 Fla. 831, 13 So.2d 311; Florida Coastal Theatres v. Belflower, 1947, 159 Fla. 741, 32 So.2d 738; Chambers v. Loftin, Fla. 1953, 67 So.2d 220. In Chambers, supra, the Supreme Court of Florida observed, at p. 222:
"It is well settled that evidence of prior or subsequent similar accidents at or near the same place are admissible if they are not too remote in time, for the purpose of showing the dangerous character of the place and defendants knowledge thereof." (Citations omitted.) (Emphasis added.)
In Loftin, the Supreme Court of Florida observed that reference to prior accident "was relevant and admissible to show the dangerous condition or character of the place of injury; ..." The decision in Chambers, supra, was cited with approval by the Supreme Court in Railway Express Agency, Inc. v. Fulmer, Fla. 1969, 227 So.2d 870. See also, Farber v. Houston Corporation, Fla.App. 1963, 150 So.2d 732.[1]
The foregoing authorities, and particularly the cases cited in the annotation and the supplement thereto, reflect that evidence of prior and subsequent accidents is admissible: (1) where the accidents occurred at the same place and under conditions which were at least substantially similar to the accident in dispute; (2) where the similar accident evidence has some tendency to establish a dangerous or defective condition at the place in question; (3) where the offer of evidence is to prove not negligence but notice of the dangerous character of the condition; (4) where the evidence of the similar accidents offered to establish the existence of a dangerous condition is not too remote in time to the accident or condition to which such other accidents are claimed to be similar.
The cases set forth in the annotation also point out that the showing of the similarity of conditions is considerably relaxed where the evidence is offered not to show negligence but for the purpose of demonstrating notice by the defendant of a dangerous condition. 70 A.L.R.2d, supra, p. 204; see also Evans v. Pennsylvania Railroad Company, 3 Cir.1958, 255 F.2d 205.
In the case sub judice, the trial court permitted plaintiff's witness Lowder to testify about an accident in which Lowder was involved at the same crossing, said accident occurring some three years prior to the Friddle collision. The accident involving Lowder occurred in the afternoon and at a time when Lowder was traveling from west to east.[2]
*90 While the Lowder accident which occurred at the same crossing did not occur under precisely the same circumstances as those in the instant case, it does not necessarily follow that the Lowder accident lacked the sufficiency of "substantial similarity" so as to render such evidence inadmissible. See Evans v. Pennsylvania Railroad Company, supra. The sufficiency of the showing of similarity is a matter resting primarily within the sound discretion of the trial judge. See footnote 15, 70 A.L.R.2d, p. 201. Moreover, the dissimilarities are matters going to the weight rather than the admissibility of the evidence are questions that a jury is capable of evaluating and assessing. Therefore, it does not follow that the trial court abused its discretion in admitting Lowder's testimony into evidence.
The foregoing comments apply with equal force to the testimony relating to a subsequent accident at the same crossing. Testimony concerning an accident at the same crossing subsequent to the accident in the case sub judice was brought out by plaintiff during the cross-examination of one Lovering, a highway patrolman who had investigated the Friddle accident and was a witness for the defense. A review of the witness' testimony reflects that although reference was made to a subsequent accident, the testimony elicited related primarily to certain observations made by the witness as to sight distances or points of perception for an automobile and train as they both approached the crossing.[3] A review of the transcript further reveals that the thrust of defendants' objections was the fact that Lovering's testimony related to a "subsequent" accident, which testimony defendants asserted was inadmissible.[4] Based upon the specific nature of the testimony, the objection thereto, and in particular regard to the principles hereinabove set forth it cannot be concluded that the trial court erred in admitting Lovering's testimony into evidence.
However, I am of the opinion that it was error to have admitted into evidence the testimony of one Stoll, a witness for the plaintiff. Stoll testified, in effect, that on different occasions prior to the accident in question when he approached the crossing he was not able to hear the train whistle or horn until the train was right at the crossing. Apparently the plaintiff was attempting to establish the inadequacy of the warning at the crossing in question. Testimony as to whether the signal was given at the approach to the crossing on prior occasions possesses no relevancy or materiality to the fact issue of whether signals were sounded at the time of the accident in question. Stoll's testimony in this respect was clearly inadmissible. See Powell v. Horne, 1942, 149 Fla. 240, 5 So.2d 451. However, from an examination of Stoll's testimony in its entirety as well as consideration of the other testimony in the trial below I am unable to conclude that the admission of Stoll's testimony constituted reversible error. I am satisfied that the error complained of did not result in a miscarriage of justice and falls within the harmless error principle. F.S. Sec. 59.041, F.S.A. See also 2 Fla.Jur. Appeals § 358; cf. Powell v. Horne, supra.
With respect to the admission of testimony and evidence pertaining to the unrelated death of the plaintiff's son some nine months prior to the collision, the logic of the cases cited in the majority opinion is persuasive. In my view however the evidence was not introduced to establish a *91 claim for damages for mental anguish and suffering but, rather, such evidence had a direct bearing upon the plaintiff's relationship with her husband and sought to demonstrate the unique loss to the plaintiff as a result of her husband's death. In any event, this evidence and testimony, even if deemed erroneous, went to the issue of damages other than liability and was not of such character as to conclude that its admission resulted in a miscarriage of justice. At most the introduction of this evidence was harmless error.
On the basis of the foregoing I would affirm the final judgment.
NOTES
[1] The cited statutes were repealed and replaced by F.S. 768.16-768.27, effective July 1, 1972.
[1] The defendant cites the decision in Loftin v. McGregor, 1943, 152 Fla. 813, 14 So.2d 574, as establishing the rule in Florida that evidence of prior accidents is inadmissible as a matter of law. A review of that opinion reflects that the court's comments about the exclusion of evidence of other accidents at the same crossing was gratuitous and can only be characterized as obiter dictum, inasmuch as the primary dispositive issue was the variance between pleading and proof. In any event, the decision in Loftin v. McGregor would directly conflict with the Supreme Court's later opinion in Chambers v. Loftin, Fla. 1953, 67 So.2d 220.
[2] The Friddle accident occurred at night and Friddle was proceeding from east to west.
[3] Apparently the plaintiff was attempting to demonstrate an inconsistency between the point of perception observations made by Lovering in the Friddle accident and observations made at a subsequent accident occurring at the same crossing.
[4] Defendants contend that the reference to the subsequent accident in the cross-examination of Lovering was beyond the scope of direct examination; a review of the transcript of testimony reflects that these contentions were not the grounds upon which objection was originally made. Cf. 35 Fla.Jur. Witnesses § 163.