## MORRIS v GENERAL ELECTRIC COMPANY, et al.

### Case No. 87-16774

Thirteenth Judicial Circuit, Hillsborough County

March 8, 1990

### APPEARANCES OF COUNSEL

**Mac A. Greco, Jr., Esquire,** for plaintiff.

**William C. Frye, Esquire,** for defendant.

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

#### *ORDER ADMITTING EVIDENCE OF PRIOR AND SUBSEQUENT ACCIDENTS*

This matter came before the court after the previous judge recused himself. The Plaintiff then asked the court to revisit certain evidentiary rulings made by the previous judge regarding the admissibility of evidence of prior and subsequent accidents. The court has reviewed the files in this case, heard the arguments of counsel, conducted extensive research of its own, and is otherwise fully advised in the premises. As will be set out in detail below, the court finds that evidence of a prior accident in New Jersey is relevant and admissible for certain purposes, if the Plaintiff lays the proper foundation, and that evidence of a

subsequent accident in Oklahoma is relevant and admissible for certain purposes, if the Plaintiff lays the proper foundation.

The Florida Evidence Code does not specifically address the admissibility of prior or subsequent accidents in civil suits. Whether such evidence may come in is committed to the discretion of the trial judge and governed by the rules of relevant. 2 Wigmore, *Evidence* § 458 (Chadbourn rev. 1979). Under § 90.401 *Fla. Stat.* (1989), relevant evidence is defined as evidence tending to prove or disprove a material fact. One court has stated: "[Relevancy] is a tendency to establish a fact in controversy or to render a proposition more or less probable." *Zabner v Howard Johnson's, Inc. of Florida,* 227 So.2d 543, 545 (Fla. 4th DCA 1969), cited in Sponsors' Note, Fla. Evidence Code. Section 90.402, *Fla. Stat.* (1989) holds that all relevant evidence is admissible, except as provided by statute, rule or principle of law.

Evidence of other accidents, even if relevant, is never admissible to show negligence. *See* 23 Fla. Jur. 2d, *Evidence and Witnesses* § 153 and cited cases. However, evidence of prior and/or subsequent accidents may be admissible if probative of other issues in the case. The Florida Supreme Court has allowed in evidence of similar accidents when it is used to show that the condition complained of was in fact dangerous and that the defendant had knowledge of that potential danger. *Friddle v Seaboard Coast Line Railroad Company,* 306 So.2d 97 (Fla. 1974), adopting the dissent in *Seaboard Coast Line Railroad Company v Friddle,* 290 So.2d 85, 88 (Fla. 4th DCA 1974). Judge Mager, drawing on several authorities in his dissent, set up four criteria by which to judge whether prior or subsequent accidents are admissible:

1) if the accidents occurred under conditions at least substantially similar to the accident in dispute;

2) if the similar accident evidence has some tendency to establish a dangerous or defective condition;

3) if the offer of evidence of similar accidents is to prove notice of the dangerous character of the condition; and

4) if the evidence of the similar accidents offered to establish the existence of a dangerous condition is not too remote in time to the accident in dispute. *Id.* at 89. The opinion added that the similarity requirement is "considerably relaxed" when the evidence of similar accidents is offered to show notice. *Id.*

After determining that the evidence is relevant and that it meets the four criteria set forth above, the court still may not admit the evidence under certain circumstances listed in § 90.403 *Fla. Stat.* (1989). Under

this so-called "403 analysis," relevant evidence is inadmissible if its probative value is *substantially* outweighed by the danger of *unfair* prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. (Emphasis added.) The Sponsors' Note to this rule has cited the following case, presumably with approval:

> We conceive the rule to be that, if the introduction of the evidence tends in actual operation to produce a confusion in the minds of the jurors *in excess* of the legitimate probate effect of such evidence—if it tends to obscure rather than illuminate the true issues before the jury—then such evidence should be excluded. *Perper v Edell,* 44 So.2d 78, 80 (Fla. 1949) (emphasis added). In addition, under § 90.612 *Fla. Stat.* (1989), the court must exercise control over the presentation of evidence so as to avoid the needless consumption of time.

In the case at bar, it is unlikely anyone would argue that the evidence of two other accidents would not have "a tendency to establish a fact in controversy." *Zabner,* 227 So.2d at 545. As the court sees it, the Plaintiff is not offering this evidence to prove that, since a similar accident happened in New Jersey, the Defendants must have been negligent in the Florida accident. Here, the Plaintiff has placed in controversy the dangerous situation of sending out allegedly inadequately marked or sized equipment and the Defendants' alleged knowledge that linemen were selecting equipment based on its appearance or size. Therefore, the Defendants' contentions that the equipment used by the New Jersey lineman is not substantially similar to the equipment used by the Florida lineman are immaterial. The Defendants, of course, may offer their own evidence of the variations in conditions for the jury's consideration. *Seaboard Coast Line Railroad Company,* 290 So.2d at 88.

As the court has determined the evidence of other accidents is relevant for certain purposes, the next decision is whether the evidence is still admissible after examining the dangers listed in § 90.403. The court believes that the dissimilarities among the accidents raised by the Defendants in their memorandum go to the weight rather than the admissibility of the evidence. The jury is capable of evaluating and assessing these competing claims, and coming to a rational conclusion. *Seaboard Coast Line Railroad Company,* 290 So.2d at 90. Both counsel are skilled, and should be able to keep the proper issues in this case before the jury through the appropriate use of objections and cross-examination. As one federal court has stated:

> In these circumstances, the proper presumption is that the jury

**175**

should have available to it a full range of information when making its decision, not that it must be shielded and protected from such information. *Jackson v Firestone Tire & Rubber Company,* 788 F.2d 1070, 1090 (5th Cir. 1986). The court finds that the probative value of the evidence offered by the Plaintiff is not substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury or needless presentation of cumulative evidence.

In coming to its conclusion, the court has read many cases submitted by both sides. Because four cases were specially relied on by the Defendants, the court will briefly explain why it did not find these decisions to be controlling.

*Railway Express Agency, Inc. v Fulmer,* 227 So.2d 870 (Fla. 1969). In this case, the trial judge was reversed and the case remanded because there was no substantial similarity between the prior accident and the disputed accident. The appeal court stated, however, that the case was remanded because the plaintiff failed to establish substantial similarity between the two pieces of equipment. The court acknowledged that if the similarities could be shown on remand, "these deficiencies can be correct, [and] the evidence should be admitted." *Id.* at 873. In the case at bar, the courts feels the Plaintiff *has* established sufficient similarities to allow the evidence of the accidents in to show dangerous condition and/or notice.

*Voynar v Butler Manufacturing Company,* 463 So.2d 409 (Fla. 4th DCA 1985). In this case, the trial judge was affirmed after excluding evidence of prior roofing accidents. The ruling by the appeal court on this issue takes up only one paragraph in the opinion, so it is difficult to examine the court's reasoning; however, it appears the trial judge scrutinized the evidence of prior accidents, found those accidents to be dissimilar to the disputed accident, and then used his discretion to find the prior accidents inadmissible. The appeal court then found no reversible error. This holding appears to stand for the importance of judicial discretion, rather than offering specific guidance as to what evidence is or is not admissible.

*Ashby Division of Consolidated Aluminum Corporation v Dobkin,* 458 So.2d 335 (Fla. 3d DCA 1984). In this case, the trial judge was reversed and the case remanded—in part because evidence of prior accidents involving ladders manufactured by the same corporation was allowed to be heard by the jury. As in *Fulmer,* the Plaintiff was unable to show sufficient similarities between the prior accidents and the disputed accident in the cited case. Here, the court believes the Plaintiff has shown sufficient similarities to raise the evidence's probate value above the risk of harm.

176

*3-M Corporation—McGhan Medical Reports Division v Brown*, 475 So.2d 994 (Fla. 1st DCA 1985). In this case, the trial judge was reversed because evidence that was "highly prejudicial" was improperly admitted. *Id.* at 996. The court specifically found that "no proper predicate [was] laid" for bringing in the evidence of the previous accident. *Id.* In the cited case, the dangerous condition was a suture tab in a breast implant that ruptured. Since the implant in the disputed accident had no suture tab, and the implant in the prior accident did, there was no substantial similarity. The plaintiff in *3-M* obviously could not bring in the prior accident to show a dangerous condition, since the dangerous condition did not exist in the disputed accident. Whether this prior accident could have met the less stringent standards required to show notice to the defendants evidently was not at issue in *3-M. Seaboard Coast Line Railroad Company*, 290 So.2d at 90.

It is therefore ORDERED AND ADJUDGED that the evidence offered by the Plaintiff is admissible for the purposes of showing dangerous condition and, in the case of the prior accident, notice to Defendants of that condition.

DONE AND ORDERED in Chambers in Tampa, Hillsborough County, Florida, this 8th day of March, 1990.