**John Thomas WALL, Plaintiff,**

v.

**OWENS–CORNING FIBERGLAS CORPORATION, et al.,
Defendants.**

**Civ. A. No. 3–83–0184–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 4, 1985.

Brian D. Weinstein, Sarah Griffin, Baron & Associates, Dallas, Tex., for plaintiff.

Jim E. Cowles, Clayton E. Devin, Charles A. Green, Cowles & Thompson, Dallas, Tex., for Pittsburgh Corning Corp.

Dan E. Mayfield, Sheehy Lovelace & Mayfield, Waco, Tex., for Fibreboard.

Don W. Kent, Buchanan, Barnett, Schofield & Kent, Tyler, Tex., for Celotex.

Joe Michael Russell, Smith, Ralston, Russell & Wright, Corsicana, Tex., for Eagle-Picher.

J. Dennis Chambers, Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., for Keene.

Tom Henson, Jack Flock, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, Tex., for Nicolet.

Otto A. Ritter, Roberts Harbour Law Firm, Longview, Tex., for Unarco.

Jeffrey S. Lynch, Vial, Hamilton, Koch, Tubb & Knox, Dallas, Tex., for Raybestos/Raymark.

Robert B. Thornton, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Tex., for Standard.

James T. Foley, Tyler, Tex., for Crown Cork & Seal.

Bill E. Bowers, Shannon, Gracey, Ratliff & Miller, Fort Worth, Tex., for Acands.

Joe Riddles, Joe Riddles & Associates, Dallas, Tex., for Combustion Engineering.

John H. Hall, Strasburger & Price, Dallas, Tex., for GAF.

C. Edward Fowler, Jr., Bailey, Williams, Westfall, Lee & Fowler, Dallas, Tex., for Owens Corning.

G. Duffield Smith, Gardere & Wynne, Dallas, Tex., for Forty Eight.

Richard L. Josephson, Baker & Botts, Houston, Tex., for Owens-Illinois.

J. Carlisle DeHay, Jr., Gary D. Elliston, DeHay & Blanchard, Dallas, Tex., for Armstrong.

John H. Martin, Richard Gray, Thompson & Knight, Dallas, Tex., for Johns Manville.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Defendant Celotex's Motion for Partial Summary Judgment, filed December 17, 1984, and Plaintiff's Response, filed January 21, 1985.

This action seeks damages for personal injuries allegedly caused by exposure to products containing asbestos manufactured by the several Defendants and their predecessors-in-interest. Recovery is sought under products liability theories of strict liability, negligence, gross negligence, and breach of implied warranty. In its Motion, Defendant argues that Plaintiff should take nothing on his claims for punitive damages, breach of warranty and negligence.

### Discovery Rule in Negligence

Plaintiff's last exposure to any product produced by Defendant or Philip Carey, its predecessor-in-interest, was in 1972. Plaintiff filed this action in 1983. The statute of limitations claim for negligence actions in Texas is two years. Tex.Rev.Civ.Stat.Ann. art. 5526. Defendant thus argues that Plaintiff's negligence claim is time-barred.

The interests served by a statute of limitations are essentially two-fold. A prospective plaintiff must be vigilant in asserting his rights in a prompt manner, thus guaranteeing that the claimed injuries are legitimate and the evidence fresh. A prospective defendant need not live under a sword of unliquidated liability forever; the law recognizes an interest of repose so he can get on with life's affairs.

During the formative years of the tort system, when negligence causes of action arose from sporadic interactions, prototypically automobile accidents, the operation of a statute of limitations was simple and rational. At the time of the accident, plaintiff knew he was injured and defendant knew he was a cause-in-fact of that injury. Both parties had knowledge of the injury and the interests of vigilance and repose were immediately implicated. The stage was set for adjudication of legal liability. The limitations clock appropriately commenced to tick from the time of the allegedly wrongful conduct, which generally coincided with the injury and its discovery.

In this simpler era of the tort system, the problem of latent injuries arising from wrongful conduct was unknown. These asbestos cases involve an allegedly negligent act, resulting in exposure to a hazardous substance at one point in time, and a manifestation of injury years and frequently decades later. In many cases, the ascertainment of the cause of the manifested injury occurs even later. In such cases, a prospective plaintiff does not sleep on his rights until the nature of the injury is discovered and he fails to act. Similarly, a possible defendant can claim no legitimate entitlement to repose until such time as the wrongdoing is discovered.

■ In recognition of this conceptual difference, many states have adapted the concept of accrual of causes of action to reflect these interests. The courts of Texas have applied the "discovery rule" to inherently undiscoverable causes of action and have held that a negligence action will not be time-barred if a plaintiff files suit within two years of learning of the cause of the injury. *Woodruff v. A.H. Robins Co., Inc.*, 742 F.2d 228, 230 (5th Cir.1984); *Ross v. Owens-Corning Fiberglas Corp.*, CA–3–83–0181–F (Memorandum Opinion, August 29, 1984). Accordingly, Defendant's Motion is denied on this point.

### Discovery Rule in Breach of Warranty Claims

■ Section 2.725 of the Texas Business and Commerce Code provides, in relevant part:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

(b) A cause of action accrues when the breach occurs regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

In light of this clear statutory language, courts have refused to modify the accrual concept here to include a discovery concept. *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363 (5th Cir.1984); *Williams v. International Harvester*, CA–3–83–1096–H (Memorandum Opinion, September 3, 1984). Accordingly, the accrual of the U.C.C. breach of warranty claim accrued at the time of tender of delivery of the asbestos-containing products and any claims under § 2.725 are time-barred.

### Punitive Damages Against Successor Corporation

Defendant argues that punitive damages cannot be awarded against it for the transgressions of its predecessor-in-interest, the Philip Carey Manufacturing Company, which would have produced the materials to which Plaintiff was exposed. Defendant likens such an award to one against the estate of a deceased wrongdoer, as is prohibited by Texas law.

This analogy is not intuitively persuasive. A successor corporation is unlike an estate in that the former has bargained for the assets of its predecessor. It may be, however, that the assets are encumbered by tort liabilities. The acquiring corporation cannot accept the good without the bad, absent an unlikely agreement with the acquired entity, and jettison inchoate liabilities into a never-never land of transcorporate limbo. Indeed, the Agreement and Plan of Merger in this matter states that, as a result of the merger, "all debts, liabilities and duties of Panacon, [the legal successor of Philip Carey, attached] to Celotex and may be enforced against it to the same extent as if such debts, liabilities and duties had been incurred or contracted by Celotex." Exhibit C to Defendant's Brief at 8.

A purchasing corporation cannot escape liability for the torts of the transferor corporation where the transferee corporation expressly or impliedly assumes the liabilities, or where the transaction is tantamount to a merger. *Western Resources Life Insurance Co. v. Gerhardt*, 553 S.W.2d 783, 786 (Tex.App.—Austin 1977, writ ref'd n.r.e.). Tort claims include those for punitive damages. *Id.* at 787. Defendant's argument that the brevity of the *Gerhardt* court's analysis indicates that such a result was unintended is unpersuasive. *Accord Moran v. Johns-Manville Sales Corp.*, 691 F.2d 811, 816 (6th Cir.1982), *criticizing Drayton v. Jiffee Chemical Corp.*, 395 F.Supp. 1081 (N.D.Ohio 1975); *Ross v. Owens-Corning Fiberglas, supra; Hanlon v. Johns-Manville Corp.*, 599 F.Supp. 376 (N.D.Iowa 1984) (citing *Gerhardt* ); *Neal v. Carey Canadian Mines Ltd.*, 548 F.Supp. 357 (E.D.Pa.1982) (holding that Celotex is liable for punitive damages "because the successor is essentially identical to that of the predecessor corporation").

Accordingly, Defendant's Motion for Summary Judgment is denied on this point.

### Policy Against Punitive Damages

In a lengthy portion of its Motion, Defendant urges that the Court find that punitive damages are inappropriate in so-called "mass marketer" cases, where the risk of repeated punitive damage awards against a defendant invites bankruptcy and fails to serve the tort goals of punishment and deterrence. *See generally Roginsky v. Richardson-Merrell, Inc.*, 378 F.2d 832 (2d Cir.1967).

It can be argued that the uncertainties of calculating the optional level of deterrence, and the obstacles to all potential plaintiffs seeking relief, make the *Roginsky* over-deterrence prediction empirically unsound. The Court, however, need

not undertake that analysis. The Fifth Circuit has recently determined that such a foray into federal common law on the limitation of punitive damages in asbestos litigation should not be undertaken. *Jackson v. Johns-Manville Sales Corp.,* 750 F.2d at 1314 (5th Cir.1985). The determination of whether punitive damages should be granted in a particular case is solely a question of state law. Texas law permits the award of punitive damages against asbestos manufacturers. *Hansen v. Johns-Manville Products Corp.,* 734 F.2d 1036, 1041, *reh. denied,* 744 F.2d 94 (5th Cir.1984). *Accord Foster v. Pittsburgh Corning Corp.,* No. H–81–1172 (S.D.Tex.1984), *aff'd,* 745 F.2d 53 (5th Cir.1984); *Ross v. Owens-Corning Fiberglas Corp., supra.*

Accordingly, the Court is of the opinion that Defendant Celotex Corporation's Motion for Summary Judgment should be **GRANTED** as to Plaintiff's claims based on U.C.C. breach of warranty, and **DENIED** in all other respects.

SO ORDERED.