**Nolberto S. AGUIRRE, et al., Plaintiffs–Appellees,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., etc., et al., Defendants,**

**Raymark Industries, Inc.\*, Successor to Raybestos–Manhattan, Inc., and The Celotex Corporation, etc., Defendants–Appellants.**

No. 88–7036.

United States Court of Appeals, Fifth Circuit.

May 25, 1990.

---

\* The appeal of Raymark Industries, Inc. is held in abeyance pending the disposition of its bankruptcy proceedings.

Thomas W. Taylor, Karen Beasley Lukin, Donald J. Verplancken, Butler & Binion, Houston, Tex., for defendants-appellants.

Brian D. Weinstein, Charles S. Siegel, Baron & Budd, Dallas, Tex., for plaintiffs-appellees.

Before WISDOM, JOHNSON and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The Celotex Corporation appeals a judgment awarding compensatory and exemplary damages to six plaintiffs. We affirm.

The plaintiffs sued fourteen manufacturers of asbestos products claiming damages for exposure to asbestos. Prior to submission to the jury the plaintiffs settled with all defendants except Celotex and Raymark Industries. The jury found for the plaintiffs, and after adjusting the award to reflect the amounts received in settlement the judge entered judgment for the plaintiffs for $658,000 in compensatory damages and $201,000 in exemplary damages.

This appeal concerns Celotex's liability for exemplary damages.[1] Celotex believes it should not be held liable in exemplary damages for the acts of its corporate predecessor. Celotex's corporate history has been described briefly as follows:

> Philip Carey Corporation ... was for many years active in the manufacture of the type of asbestos products to which [the plaintiff] was allegedly exposed. In April 1970 Carey merged with Briggs Manufacturing Co. to form the Panacon Corporation, ... a Michigan corporation. Panacon continued Carey's asbestos manufacturing and mining operations. In June 1972 *Panacon was in turn merged into Celotex*, a Delaware corporation.

*Krull v. Celotex Corp.*, 611 F.Supp. 146, 147 (N.D.Ill.1985) (emphasis added). Other

---

1. Celotex has challenged the district judge's application of the new Texas comparative responsibility statute, Tex.Civ.Prac. & Rem.Code Ann. §§ 33.001, *et seq.* (Vernon 1986 & Supp.1990), but has conceded that its arguments were recently answered in *McNair v. Owens–Corning Fiberglas Corp.*, 890 F.2d 753 (5th Cir.1989). Celotex's new argument, to the effect that the new Texas statute violates the Texas Constitution, was not raised below and accordingly we do not consider it. *In re Goff*, 812 F.2d 931, 933 (5th Cir.1987).

**1258**

courts which have had the opportunity to review Celotex's corporate history have similarly concluded that Panacon was merged into Celotex. *See Wall v. Owens–Corning Fiberglas Corp.*, 602 F.Supp. 252, 255 (N.D.Tex.1985); *Hanlon v. Johns–Manville Sales Corp.*, 599 F.Supp. 376, 378 (N.D.Iowa 1984); *Sheppard v. A.C. & S. Co.*, 484 A.2d 521, 524 (Del.Super.Ct.1984); *Celotex Corp. v. Pickett*, 490 So.2d 35, 36–37 (Fla.1986); *Brotherton v. Celotex Corp.*, 202 N.J.Super. 148, 493 A.2d 1337, 1339 (1985). *Cf. In re Related Asbestos Cases*, 566 F.Supp. 818, 823–24 (N.D.Cal. 1983). In the present case, however, the only evidence bearing on corporate history is a stipulation that Celotex was the "successor-in-business to Philip Carey Corporation, Briggs Manufacturing Company and Panacon Corporation, except as to any alleged punitive liability."

Celotex first argues that under Texas law the purchase of all or substantially all of the assets of another corporation does not subject the acquiring corporation to liability for its predecessor's gross negligence. The argument, however, only addresses a portion of the relevant law. On the issue of a corporation's liability for the acts of its predecessor, Texas law distinguishes between a corporate merger and a sale of property and assets by one corporation to another. *Compare* Tex. Bus. Corp. Act art. 5.10(B) (Vernon 1980 & Supp.1990) (disposition of assets) *with id.* art. 5.06(A)(5) (Vernon 1980) (effect of merger), *amended by* Act of June 15, 1989, Ch. 801, sec. 31, 1989 Tex.Sess.Law Serv. 3610, 3635–37 (Vernon). In the present case, the stipulation quoted above gives no indication whether Celotex purchased the assets of Panacon or participated in a merger.

■ Although Celotex raised several arguments against the punitive damage award in the district court, it did not raise the argument it now raises. This Court will not address an issue raised for the first time on appeal unless it is a purely legal issue and the refusal to consider it would result in a miscarriage of justice. *North Mississippi Communications, Inc. v. Jones*, 874 F.2d 1064, 1068 (5th Cir.1989). No "purely legal issue" is presented; it is all but impossible to determine Celotex's liability without evidence of its corporate history, and if the issue had been raised below the district judge would have had the opportunity to summon further evidence and issue a ruling. We therefore do not address this point.

■ Celotex also argues that exemplary damages were improperly awarded, because Texas law evinces a policy toward punishment only of the party who committed the punishable act and such damages require evidence of the mental attitude of the defendant. *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981); *J. S. Abercrombie Co. v. Scott*, 267 S.W.2d 206, 212 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r.e.). The Texas case which most closely bears on the present case states that "[t]he successor corporation assumes all responsibility for all of the outstanding tort claims of the *merging corporations*, including exemplary damages." *Western Resources Life Ins. Co. v. Gerhardt*, 553 S.W.2d 783, 787 (Tex.Civ.App.—1977, writ ref'd n.r.e.) (emphasis added). A large portion of this opinion was overruled by subsequent legislation, *see Suarez v. Sherman Gin Co.*, 697 S.W.2d 17, 20 (Tex. App.—Dallas 1985, writ ref'd n.r.e.), but the quoted portion was undisturbed by that legislation. To the extent a policy may be gleaned from *Gerhardt*, that policy turns on the corporate history of the successor corporation. In the absence of evidence on this issue, it is impossible to determine whether that policy relieves Celotex of punitive liability.

The judgment is AFFIRMED.