■ Boss Linco Lines, Inc., Appellant, v Brady Enterprises, Inc., Respondent.—Judgment unanimously reversed, on the law and facts, with costs, and counterclaim dismissed. Memorandum: Plaintiff Boss Linco Lines, a motor vehicle common carrier, sued Brady Enterprises for transportation services rendered and defendant Brady Enterprises counterclaimed for damages caused by the carrier's failure to deliver at the agreed time. No appeal was taken from that portion of the judgment which awarded plaintiff recovery on its claim. We conclude, however, that the trial court improperly awarded damages to defendant on its counterclaim. Brady Enterprises contracted with Boss Linco on November 25, 1970 to ship certain goods (2,436 cartons) to M. Loeb and Company in Maryland but, due to a strike there, plaintiff Boss Linco was unable to deliver the goods as agreed upon. The goods were reconsigned and a portion of these reconsigned goods (322 cartons) is the basis of defendant's counterclaim. Brady's manager testified that he contacted Boss Linco's Washington terminal on December 2 and again on December 7 and was promised that the 322 cartons would be delivered to a warehouse in Virginia by December 7 or 8 at the latest and in time for Christmas sales. The goods were rejected as late as December 23. Boss Linco denied that it had promised delivery by any particular date and argues that the memorandum of bill of lading prepared by Brady Enterprises specifies a person to contact and a telephone number to call in order to effect delivery, but does not indicate a date for delivery. Moreover, the Uniform Straight Bill of Lading provides in section 2(a) that "No carrier is bound to transport said property by any particular schedule, train, vehicle or vessel, or in time for any particular market or otherwise than with reasonable dispatch" and further provides in section 10 that "Any altera-

tion, addition, or erasure in this bill of lading which shall be made without the special notation hereon of the agent of the carrier issuing this bill of lading, shall be without effect, and this bill of lading shall be enforceable according to its original tenor". The memorandum of bill of lading provides that the shipment is "subject to all the terms and conditions of the Uniform Straight Bill of Lading" and that the shipper (Brady Enterprises) is familiar with all the terms and conditions of the bill of lading. Thus defendant failed to establish that a "special" contract had been entered into to deliver the goods at a specified time *(Emil Grossman Mfg. Co. v New York Cent. R.R. Co.,* 181 App Div 764). The parol evidence rule operates to exclude any evidence of a contemporaneous oral agreement (Richardson, Evidence [10th ed], § 601) and section 10 of the Uniform Bill of Lading establishes the intention of defendant and plaintiff to treat the uniform bill as their complete agreement. Such precludes any oral evidence that the parties subsequently modified their contract. (Appeal from judgment of Erie Trial Term, in an action on transportation contract.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.