NESBITT, Judge.
The appellant, an ocean carrier, appeals a judgment in favor of the appellee shipper awarding it compensatory and consequential damages on a claim of an alleged breach of guaranteed arrival date , of the goods at the destination. We reverse.
The shipper was interested in consummating a sale of pickled pig tails to a buyer in Kingston, Jamaica. The economic fea *35 sibility of the transaction was based upon the arrival of the pig tails in Jamaica prior to an increase in tariff. When the trucker loaded and weighed the containers for overland transportation from Toronto to Port Elizabeth, New Jersey, it found that the containers were overweight and for that reason refused to carry them. Ultimately, however, the trucker transported the containers to Port Elizabeth. Upon arrival, a representative of the ocean carrier advised the shipper that the delivery of the cargo could not be made as originally projected. Nonetheless, the shipper chose to proceed with the transaction. The pig tails arrived in Kingston in good condition but not before the anticipated tariff increase occurred. The purchaser refused to consummate the transaction and the shipper attempted to mitigate damages by placing the pickled pig tails in cold storage. Ultimately, a portion was sold and the remainder spoiled. The shipper then commenced this action against the carrier claiming compensatory damages for out-of-pocket expenses incurred and loss of anticipated profit.[1]
At a pretrial conference, the carrier obtained a favorable ruling on a motion in limine to exclude all evidence as to a guaranteed arrival date of the goods in Kingston, based on the rule of law that unless a bill of lading is ambiguous, parol evidence may not be introduced to alter or vary the terms of the undertaking. Boss Linco Lines v. Brady Enterprises, 49 A.D.2d 679, 370 N.Y.S.2d 737 (1975); 46 U.S.C. App. § 1301(b) (1982). Nonetheless, evidence of the agreement was admitted during the shipper’s case-in-chief, to which the carrier objected. During the carrier’s casein-chief, its representative was asked whether any such agreement was made and a negative answer was given. On this record, the trial court agreed with the shipper’s counsel that the carrier placed the guaranteed arrival date at issue. The court therefore permitted further evidence of a guaranteed arrival by the shipper during its case in rebuttal, permitted oral argument thereon, and instructed the jury. It returned a favorable verdict, all over the carrier’s protest.
We agree with the carrier that the introduction and use of the parol evidence was improper. Boss Linco Lines, 370 N.Y.S.2d at 739. When the carrier’s attorney questioned its witness about the alleged agreement to deliver the goods by a date certain, his purpose was to minimize the harmful effect of the testimony of the shipper’s witness. That witness's testimony did not go beyond that narrow scope. Carbone v. Coblentz, 132 So.2d 629, 630 (Fla. 3d DCA 1961) and cases cited therein. Without the improper admission of the parol evidence, it is undisputed that the record shows that the pig tails arrived in Kingston in good condition. The shipper, therefore, failed to make out a prima facie case involving damaged goods. For this reason, it was error to deny the carrier’s motion for directed verdict at the close of the shipper’s case.
Accordingly, the judgment is reversed and remanded for entry of judgment in favor of the appellant.

. The shipment of these goods is governed by the Carriage of Goods at Sea Act, 46 U.S.C.App. §§ 1300-1315 (1982).